Locke, Judge,
 

 delivered the opinion of the Court:
 

 The defect in the writ would have been fatal, if advantage had been taken thereof by plea in
 
 abatement;
 
 but as the Defendant has pleaded in chief, it would seem to amount to a waiver of that advantage, and be equivalent to an acknowledgment on his part that he has been brought into Court by a proper process — 1,
 
 Stra, 155,
 
 
 *341
 

 Salk.
 
 59. However, upon this point, the Court gives no opinion, believing that the case can be decided on a ground liable to less exception or doubt. The stat. 5 George 1st, ch. 13, was passed, (as the preamble states) for the purpose of preventing writs of error and reasons in arrest of judgment after verdict, and expressly declares'
 
 “
 
 that where any verdict hath been or shall be given in any action, suit, bill, plaint or demand, the judgment therefor shall not be stayed or reversed for any defect or fault either in form or substance, in any bill, writ original or judicial, or for any variance in such writs from the declaration or other proceedings.” Such error, therefore, was cured by the verdict, or at least could not be taken advantage of after verdict. This statute, the most broad and extensive of any passed on the subject, seems completely to cure the defect contained in this writ. Great doubt, however, was entertained by the Court, and much time was spent in ascertaining whether this statute was in force in this State: but in examining the several acts of Assembly, the Court have found an act passed at Newbern, on the 3d November, A. D. 1768, entitled “ an art for dividing the Province into six equal
 
 districts.”
 
 — Iredell’s
 
 Revisal,
 
 239. The body of this act is not recited in this revisal of the laws: but upon looking into the act, we find, that among other things, it enacts “ that all the statutes of jeofails and amendment, which now are in force in England, are hereby declared to extend to and be in force in this colony, and shall be duly observed by all Judges aud Justices of the several Courts of Record within the same, according to the true intent and meaning of said statute.” In the year 1777, ch. 2, the Legislature further declared
 
 “
 
 that all the statutes of England and Great-Britain for the amendment of the law, commonly called statutes of jeofails,. and which were heretofore enforced in this territory by any act or acts of the General Assembly under the late government, are hereby declared to have conti
 
 *342
 
 nued and to be now in full force in this State, and shall be duly observed by all Judges and Justices of the seve-raj Qonrtg 0f Record within the same, according to the true intent and meaning of the said statutes, unless where the same are or may be altered by this or any other act.” Hence it evidently appears, that the stat. 5 George 1st, is in full force and ought to be observed by Judges and Justices of our Courts.
 

 But it is contended for the Defendant, that the 26th section of the Constitution supercedes the statute of 5th George 3d, as to the point now under consideration. That section declares, that
 
 “
 
 all writs shall run in the name of the State of North-Carolina, and bear teste and be signed by the Clerks of the respective Courts.” The Court think that the Constitution merely intended to prescribe one uniform mode of issuing writs, and can have no greater effect or binding force than a constitutional act of the Legislature.' Suppose then, that an act of Assembly had prescribed, that all writs should be signed and bear teste by the Clerks of the respective
 
 Courts;
 
 would not the statute above recited, cure such defect after verdict ? it surely would. In such a case, we would be led to enquire how, ought this defect to be taken advantage of? Certainly in the same way in which, in England, advantage would be taken of a writ that varied from the prescribed form, and that is by plea before verdict ; for as there the statute of 5th George 1st, would cure error in the writ after verdict, so here, the same statute being in force will cure the like error. Let the reasons in arrest be overruled, and judgment be entered for the Plaintiff.